**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

**KENNETH JOHNSON and
CERONE MCTAVOUS, individually and on
behalf of all other persons similarly situated,**

        **Plaintiffs,**

**v.**                           **Civil Action No. 3:10-cv-00213-JRS**

**CARMAX, INC., and
CARMAX AUTO SUPERSTORES, INC.,**

        **Defendants.**

## CARMAX'S REPLY BRIEF TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY TO STAY PURSUANT TO THE FEDERAL ARBITRATION ACT

Plaintiffs Kenneth Johnson's and Cerone McTavous's ("Plaintiffs") Oppositions to Defendants CarMax, Inc.'s and CarMax Auto Superstores, Inc's. ("CarMax") Motion to Dismiss or Alternatively to Stay Pursuant to the Federal Arbitration Act (the "Opposition") fails to set forth any facts or legal authority to refute CarMax's legal entitlement to have Plaintiffs' claims decided through individual arbitration proceedings.  This Court should grant CarMax's Motion because:

- It is settled law in the Fourth Circuit that parties to an arbitration agreement may agree to waive the right to proceed with FLSA claims as a class or collective action;

- CarMax's Dispute Resolution Agreement (the "Agreement") and governing Dispute Resolution Rules and Procedures (the "Rules") clearly prohibit Plaintiffs from consolidating their actions, or proceeding as a class or collective action;

- Even if the Agreement were silent as to the permissibility of class or collective action arbitration proceedings (which it is not) Plaintiffs are barred from proceeding through a class or collective action arbitration based on the Supreme Court's decision in Stolt-Nielsen S.A. v. AnimalFeeds International Corp.; and

- The Agreement is binding and enforceable under the Federal Arbitration Act (the "FAA") and controlling case law.

## I. PLAINTIFFS' ARGUMENT THAT THE FLSA SOMEHOW PROHIBITS PARTIES TO AN ARBITRATION AGREEMENT FROM WAIVING THE RIGHT TO PROCEED AS A CLASS OR COLLECTIVE ACTION IS JUST PLAIN WRONG.

Plaintiffs' primary argument in their Opposition (at 6-14) that the FLSA prohibits Plaintiffs from waiving any right to pursue their wage and hour claims as a class or collective action is wrong.  Essentially, Plaintiffs argue that any waiver of the right to proceed as a collective action would defeat the remedial purpose of the FLSA, thereby making any such waiver unconscionable.  Id.  This is directly contrary to well-established precedent of the Fourth Circuit, which has held that the waiver of a right to proceed with FLSA claims as a collective action is legally enforceable.[1]  Adkins v. Labor Ready, Inc., 303 F.3d 496 (4th Cir. 2002).  Notably, Plaintiffs do not address Adkins v. Labor Ready, Inc. in the body of their Opposition, but rather relegate this controlling precedent to a footnote.  Opposition at 4, fn. 3.

In Adkins, the plaintiff sued the defendant claiming violations of the FLSA, as well as state wage and hour laws.  Id. at 499.  The plaintiff sought to bring his suit as a collective action, by filing approximately sixty-three opt-in consent forms.  Id.  The defendant moved to compel plaintiff to proceed with his claims in individual (non-class) arbitration, pursuant to the parties' arbitration agreement.  Id. at 502.  Like Plaintiffs in the present case, Mr. Adkins argued that a collective (or class) action waiver was unconscionable because he could not aggregate his claims with other potential plaintiffs for economic efficiency.  Id. at 502; compare Opposition at 12-13.

---

[1] The Court in Adkins v. Labor Ready, Inc. refers to plaintiff's proposed collective action as an opt-in "class action."  Id. at 499.  There is no distinction, however, between the plaintiff's proposed claims in Adkins and those brought by the Plaintiffs in this case as a "collective action."

In affirming the District Court's decision compelling arbitration, the Fourth Circuit explicitly held that a plaintiff's "inability to bring a class action [under the FLSA] . . . cannot by itself suffice to defeat the strong congressional preference for an arbitral forum." Id. at 503. As explained by the Fourth Circuit "simply because judicial remedies are part of a law does not mean that Congress meant to preclude parties from bargaining around their availability." Id. (quoting Johnson v. West Suburban Bank, 225 F.3d 366, 377 (3d Cir. 2000)). Moreover, the Court recognized that Mr. Adkins (like Plaintiffs here) could not claim that they would pay more in attorney's fees than they could recover in damages because "[i]t is undisputed that plaintiffs prevailing under the FLSA are awarded both attorney's fees and the cost of the action . . . even in arbitration." Id. at 502. The availability of attorney's fees, as well as potentially large damages awards, readily distinguishes FLSA cases from consumer cases where plaintiffs are faced with very small damages. The Fourth Circuit's decision in Adkins also fits squarely with established precedent allowing the waiver of class or collective actions in arbitrations of federal employment claims. See, e.g., Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991)(enforcing class action waiver for ADEA claim); Torre v. BFS Retail & Comm. Ops., LLC, No. 09-22046, 2008 U.S. Dist. LEXIS 99002, at *7 (S.D. Fla. Dec. 8, 2008)(enforcing arbitration waiver of collective actions in FLSA claim).

Plaintiffs' argument that parties may not waive the right to bring a collective action under the FLSA is contrary to well-settled law in the Fourth Circuit. Plaintiffs' argument, therefore, fails.

## II.   CARMAX'S DISPUTE RESOLUTION RULES EXPLICITLY PROHIBIT THE CONSOLIDATION OF PLAINTIFFS OR CLASS ACTION PROCEEDINGS.

### A.   CARMAX'S RULES PROHIBIT ARBITRATION PROCEEDINGS FROM BEING HEARD AS A CLASS OR COLLECTIVE ACTION.

Contrary to Plaintiffs' assertions, CarMax's arbitration Rules explicitly prohibit Plaintiffs from consolidating their FLSA claims.  Memorandum at Exhibit 1, Tab C, Rule 9.  Rule 9 provides that:

> f. CONSOLIDATION
>
> ii.   PARTIES
>
> The Arbitrator shall not consolidate claims of different Associates into one proceeding, nor shall the Arbitrator have the power to hear an arbitration as a class action (a class action involves an arbitration or lawsuit where representative members of a large group who claim to share a common interest seek collective relief).

Id.   Rule 2 explicitly provides that FLSA claims must be arbitrated.  Thus, these provisions mandate that any FLSA claims be arbitrated in individual proceedings.  Here, Plaintiffs' Complaint seeks to bring a proposed collective action under the FLSA.  Their Complaint seeks to consolidate the claims of both Plaintiffs into a single lawsuit (or arbitration proceeding).  See Complaint.  Moreover, Plaintiffs further seek to bring in additional plaintiffs who allegedly share similar wage and hour claims to Plaintiffs.  Id.  Unquestionably, this is exactly what is prohibited by the plain language of the arbitration Rules.

Plaintiffs seek to avoid this clear prohibition by stating that the Rules do not mention "FLSA collective actions" by name.  Plaintiffs, however, cannot point to any rule of contract interpretation that supports any such hyper-technical requirement.  The cases cited by Plaintiffs address distinctions between Federal Rule 23 actions and FLSA collective actions which are not germane to the issues before this Court.  For example the courts in Kozma v. Hunter, Scott

Financial LLC, No. 09-80502, 2010 U.S. Dist. LEXIS 16746 (S.D. Fla. Feb. 25, 2010) and Szilassy v. Ameriprise Fin. Serv., Inc., No. 07-80559, 2007 U.S. Dist. LEXIS 971190 (S.D. Fla. Aug. 1, 2007) addressed the distinction that an FLSA collective action does not necessarily require all similarly situated person to be bound by a judgment (i.e. the "opt-in" requirement). In both class actions and collective actions, however, a court or arbitrator would hear the "claims of different [CarMax] Associates [in] one proceeding." Memorandum at Exhibit 1, Tab C, Rule 9. Such a consolidation is directly prohibited by the Rules. Id. Finally, to the extent these cases could be interpreted to compel a collective action where the agreement is silent, such a holding would also be in direct contravention to the Supreme Court's decision in Stolt-Nielsen, as discussed above.

Finally, the venue provision set forth in arbitration Rule 6 further supports the prohibition of class or collective action arbitrations. Rule 6 requires that the arbitration hearing "shall be held at the offices of, or a location selected by, the Arbitration Services in the city nearest the location where the Associate was or sought to be employed with the Company." Memorandum at Exhibit 1, Tab C, Rule 6. Here, Plaintiff Johnson was employed by CarMax in Texas and Plaintiff McTavous was employed by CarMax in Florida. It would, therefore, be impossible for the parties or an arbitration service to comply with Rule 6 if Plaintiffs' claims were consolidated into one proceeding. To simply ignore or read out Rule 6 would also violate well-established principles of contract interpretation that a contract should be interpreted to give effect to all of the parties' terms. See, e.g., Ames v. American Nat. Bank, 163 Va. 1, 38-39 (1934). Unquestionably, the CarMax Rules prohibit Plaintiffs from consolidating their claims as a collective action. Even without such clear and binding language, again, the Supreme

Court's decision in Stolt-Nilsen prohibits a court or arbitrator from compelling class or multiparty arbitration without the consent of the parties — which clearly does not exist in this case.  This Court should, therefore, grant CarMax's Motion and dismiss Plaintiffs' Complaint in favor of binding arbitration in individual proceedings in Texas and in Florida.

### B.   COURTS AND ARBITRATORS CANNOT COMPEL CLASS OR COLLECTIVE ACTION ARBITRATION WITHOUT THE CONSENT OF THE PARTIES.

In their Opposition, Plaintiffs claim that the arbitration Rules are silent with respect to whether an arbitration proceeding may be brought as a collective action.  Opposition at 5. Plaintiffs, apparently ignoring the Supreme Court's recent decision in Stolt-Nielsen S.A. v. AnimalFeeds Corp., __ U.S. __ (April 27, 2010), argue that this Court should interpret silence as consent to the pursuit of collective actions under the Agreement.   Even if it were true that the Agreement and Rules were silent, which they are not[2], such silence would bar this Court (or an arbitrator) from compelling a class or collective arbitration.  Stolt-Nielsen S.A., __ U.S. __ [Slip Opn. at 20].

In Stolt-Nielsen, the Supreme Court explicitly addressed the issue of whether a court could compel a class or multi-party arbitration where an arbitration agreement did not specifically address this issue.  Id. at 14.   The Supreme Court recognized that neither an arbitrator nor a court may compel arbitration beyond the scope of a bargained for arbitration agreement.  Id. at 20.  In so concluding, the Supreme Court held that allowing class action

_____

[2]     As set forth in Section "A" of this Reply Brief, the CarMax Rules explicitly prohibit the consolidation of claimants or class actions.  See supra at 4-6.

arbitration where the parties' agreement is silent on the subject is "fundamentally at war with the foundational FAA principle that arbitration is a matter of consent." Id.

Moreover, Plaintiffs attempt to distinguish Stolt-Nielsen from the instant case is unpersuasive and misses the mark entirely. The Court's reasoning was not based on an analysis of Federal Rule 23 (class actions), but rather the significant differences that exist between bilateral arbitration and multiparty arbitration. Id. at 21. The Supreme Court squarely addressed and stated that the differences between bilateral and class action arbitration are too great to presume that the parties' silence on the issue constitutes consent to resolve their dispute in class proceedings. Id. This is because the established benefits of arbitration, including "lower costs" "greater speed and efficiency," "confidentiality," and "the ability to choose expert adjudicators to resolve specialized disputes" do not necessarily exist in multiparty proceedings. Id. The reasoning and holding of Stolt-Nilsen would apply equally to collective actions under the FLSA as to other types of class or multi-party arbitrations. Finally, Plaintiffs argument that Stolt-Nilsen does not apply because there was no "default rule" in that case regarding class actions is equally uncompelling. Opposition at 7. As addressed above, the FLSA does not provide any such "default rule" prohibiting the waiver of class or collective action arbitrations. Adkins v. Labor Ready, Inc., 303 F.3d 496 (4th Cir. 2002). Hence, class action, or collective action, arbitration cannot be compelled where an arbitration agreement is silent on the issue.

## III.   THE ARBITRATION AGREEMENT IS BINDING AND ENFORCEABLE UNDER THE FAA AND CONTROLLING LAW.

Plaintiffs do not challenge that these matters belong in arbitration. Plaintiffs do, however, make vague and unsupported arguments that the Agreement is "unconscionable" because it is a "contract of adhesion." Opposition at 13. These arguments, essentially amount to an attack on the FAA and arbitration itself, and do not provide any legal basis to deny the full

enforcement of the Agreement and incorporated arbitration Rules.  As concluded in <u>Adkins v.</u> <u>Labor Ready</u>, Plaintiffs' arguments "amount to little more than an attempt to undermine repeated pronouncements by Congress and the Supreme Court that federal law incorporates a liberal policy favoring arbitration agreements." 303 F.3d 496, 506-07 (4th Cir. 2002).

As set forth more fully in CarMax's previously-filed Memorandum, the Agreement and Rules are neither procedurally nor substantively unconscionable under Florida or Texas law, or cases decided by this Court.  Memorandum at 10-15.  First, the Agreement and Rules provide complete relief for Plaintiffs should they prevail on their claims.  An arbitrator "may award appropriate relief in accordance with applicable law," including attorneys fees where available, such as under the FLSA.  Memorandum at Exhibit 1, Tab C, Rules 10 & 14.  Moreover, the parties may utilize discovery tools, including depositions, interrogatories, and document production, prior to a hearing before a neutral arbitrator selected jointly by the parties.  <u>Id.</u>  at Rules 5, 8.  Finally, CarMax, <u>not</u> <u>Plaintiffs</u>, pay the costs of the arbitration proceeding, including the arbitrator's fees and administrative costs.  <u>Id.</u> at Rule 13.  Plaintiffs cannot point to any factors that would render the plain terms of the Agreement and Rules unfair or unconscionable.

Plaintiffs' arguments concerning unconscionability have been argued and rejected by controlling law.  For example, Plaintiffs argue that they did not fully appreciate the legal implications of the Agreement when they signed it.  Opposition at 12.  As addressed in CarMax's Memorandum, Texas law (which would govern unconscionability with respect to Johnson's claims) has held that "failing to read an agreement, even when a party claims there was no opportunity to read or understand the agreement, does not excuse a party from arbitration." <u>Perez v. Lidia Lemarroy</u>, 592 F. Supp. 2d 924, 934 (S.D. Tex. 2008)(interpreting Texas law). Likewise, Florida law (which would govern unconscionability with respect to McTavous's

claims) recognizes that "a party to a contract is not 'permitted to avoid the consequences of a contract freely entered into simply because he or she elected not to read and understand its terms before executing it or because in retrospect, the bargain turns out to be disadvantageous." <u>Murphy v. Courtesy Ford, LLC</u>, 944 So. 2d 1131, 1134 (Fla. 3d DCA 2006).  Plaintiffs make no attempt to distinguish these cases or controlling principals of law in their Opposition.

Finally, Plaintiffs argue that the Agreement is unfair because they were unemployed at the time they applied for employment with CarMax, and did not have the same bargaining power as CarMax.  Opposition at 3.  Such an argument, taken to its logical conclusion, would effectively render virtually every arbitration agreement in employment unenforceable.  It would be a rare employee who has the same financial resources as a large corporation.  Of course, the law does not render an arbitration agreement unconscionable merely because of differing levels of bargaining power, or an employee's financial resources.  <u>See, e.g.</u>, <u>In re</u> <u>Halliburton</u>, 80 S.W.3d 566, 571 (Tex. 2002)(holding that unequal bargaining power and a "take it or leave it offer of employment" did not make an agreement to arbitrate unenforceable); <u>see also</u> <u>Torre v. BFS Retail & Comm. Ops., LLC</u>, No. 09-22046, 2008 U.S. Dist. LEXIS 99002, at *7 (S.D. Fla. Dec. 8, 2008)(holding that unequal bargaining power between employer and employee did not render an arbitration agreement unconscionable).  Finally the Supreme Court has made it clear that arbitration agreements between employers and employees are enforceable, and provide a benefit to employees.  <u>Circuit City v. Adams</u>, 532 U.S. 105, 123 (2001)("Arbitration agreements allow parties to avoid the cost of litigation, a benefit that may be of particular importance in employment litigation, which often involves smaller sums of money than [commercial disputes].").  Hence, Plaintiffs' generic claims of unconcionability fail to provide any grounds to

deny CarMax's motion to dismiss their Complaint and compel these matters to separate arbitrations.

## IV.    CONCLUSION

For the foregoing reasons, and as set forth in CarMax's Motion to Dismiss or Alternatively to Stay Pursuant to the Federal Arbitration Act and accompanying Memorandum, Plaintiffs fail to set forth any legal basis to support their Opposition to CarMax's Motion. Moreover, binding Supreme Court precedent requires that this Court grant CarMax's Motion. CarMax respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice, or alternatively stay this entire action, pending resolution of Plaintiffs' claims through individual arbitration proceedings.

June 7, 2010

Respectfully submitted,
**CARMAX, INC. and**
**CARMAX AUTO SUPERSTORES, INC.**

_____/s/ Susan Childers North_____
By Counsel

Susan Childers North, Esq. (VSB No. 43068)
LeClair Ryan, A Professional Corporation
5388 Discovery Park Boulevard, Third Floor
Williamsburg, VA  23188
Phone:  (757) 941-2801
Fax:  (757) 941-2879
E-mail:  susan.north@leclairryan.com

and

Brian G. Muse, Esq. (VSB No. 47218)
LeClair Ryan, A Professional Corporation
5388 Discovery Park Boulevard, Third Floor
Williamsburg, VA  23188
Phone:  (757) 941-2802
Fax:  (757) 941-2879 *(fax)*
E-mail:  brian.muse@leclairryan.com
*Attorneys for Defendants CarMax, Inc. and*
*CarMax Auto Superstores, Inc.*

## CERTIFICATE OF SERVICE

I, Susan Childers North, Attorney for Defendants CarMax, Inc. and CarMax Auto Superstores, Inc., hereby certify that on June 7, 2010 I electronically filed with the Clerk of Court the foregoing document via the Court's CM/ECF system which will send notification to the following:

Robert J. Cynkar, Esq.
Cuneo Gilbert & LaDuca LLP
106-A South Columbus Street
Alexandria, VA  22314
Telephone:  (202) 789-3960
Fax:  (202) 789-1813
E-mail:  rcynkar@cuneolaw.com
*Attorney for Plaintiffs Kenneth Johnson and Cerone McTavous*

Alexandra Coler Warren, Esq.
Cuneo Gilbert & LaDuca LLP
507 C Street, N.E.
Washington, D.C.  20002
Telephone:  (202) 587-5068
Fax:  (202) 789-1813
E-mail:  awarren@cuneolaw.com
*Attorney for Plaintiffs Kenneth Johnson and Cerone McTavous*

Fran Lisa Rudich, Esq.
Klafter Olsen & Lesser LLP
Two International Drive, Suite 350
Rye Brook, NY  10573
Telephone:  (914) 590-1090
Fax:  (914) 934-9220
E-mail:  frudich@klafterolsen.com
*Attorney for Plaintiffs Kenneth Johnson and Cerone McTavous*

Seth Richard Lesser, Esq.
Klafter Olsen & Lesser LLP
Two International Drive, Suite 350
Rye Brook, NY  10573
Telephone:  (914) 934-9202
Fax:  (914) 934-9220
E-mail:  slesser@klafterolsen.com
*Attorney for Plaintiffs Kenneth Johnson and Cerone McTavous*

_____/s/ Susan Childers North_____
Susan Childers North, Esq. (VSB # 43068)
LeClairRyan, A Professional Corporation
5388 Discovery Park Boulevard, Third Floor
Williamsburg, VA  23188
(757) 941-2801
(757) 941-2879 *(facsimile)*
E-mail:  susan.north@leclairryan.com
*Attorney for Defendants CarMax, Inc. and*
*CarMax Auto Superstores, Inc.*

#5904128 v1

12